**SOLOFF & ZERVANOS**
By: John N. Zervanos, Esquire
1800 Chapel Avenue, Suite 302
Cherry Hill, NJ 08002
(609) 354-1175
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FAUD JARRAH and** | **CIVIL ACTION** |
| **SUHAILA JARRAH**, h/w | |
| 2020 E. Cedar Street | |
| Allentown, PA 18109 | |
| vs.          Plaintiffs | NO. 04cv2365(RBK) |
| | |
| **TRUMP PLAZA HOTEL CASINO** | |
| The Boardwalk at Mississippi Avenue | |
| Atlantic City, New Jersey 08401 | **JURY TRIAL DEMANDED** |
| and | |
| **MEDICAL ONE** | |
| 4622 Black Horse Pike | |
| Mays Landing, NJ 08330-3213 | |
| and | |
| **JANE DOE 1-5, a** Fictitious names whose | |
| present identities are unknown and who have | |
| provided medical call in this matter. | |
| Defendants | |

## COMPLAINT IN CIVIL ACTION

1.  Plaintiff, Faud Jarrah is an adult individual residing at 2020 E. Cedar Avenue, Allentown, Pennsylvania ,18109.

2.  Plaintiff, Suhaila Jarrah is an adult individual residing at 2020 E. Cedar Avenue, Allentown, Pennsylvania, 18109.

3.  Defendant, Trump Plaza Hotel Casino is a corporation and/or other business with a principal place of business located at the Boardwalk at Mississippi Avenue, Atlantic City, New Jersey currently operating a hotel and casino at this address .

4.  Defendant Medical One is a corporation and/or other business entity with a  principal place of business located at 4622 Black Horse Pike, Mays Landing, NJ 08330-3213, operating a medical facility at Trump Plaza Hotel Casino and providing  medical service to patrons of Defendant, Trump Plaza Hotel Casino.

5.  Defendants, Jane Doe 1-5, are fictitious names, whose present  identities are unknown and

who rendered medical care to Plaintiff,  Faud Jarrah  while a patron of Defendant, Trump Plaza Hotel Casino on or about February 24, 2003.

### JURISDICTION AND VENUE

6.  This action is brought in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C.A. § 1332 (a)(1) and the amount in controversy exceeds the amount of and/or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs and the action is between citizens of different states.

7.  Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 (a)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### COUNT I
### PLAINTIFF  FAUD JARRAH  v. TRUMP PLAZA HOTEL CASINO and JANE DOE 1-5

8.  Plaintiff incorporates by reference herein paragraphs one through seven as if same were set forth at length.

9.  At all  times material hereto, Defendant Trump Plaza Hotel Casino is and was a hotel casino providing gambling and recreational services to the public.

10.  On or about February 24, 2003   Plaintiff,  Faud Jarrah was a patron of  Defendant Trump Plaza Hotel Casino and as such was a business invitee lawfully on the Defendant's premises.

11.  At all  times material hereto, Defendant Trump Hotel Casino maintained, contracted, owned, licensed or otherwise operated a medical facility upon their premises which provided medical care to patrons of the hotel casino and held itself out to patrons of Defendant, Trump Plaza Hotel Casino  as competent to provide these services, including emergency care services.

12.  At all times material hereto, Defendant, Trump Plaza Hotel Casino as the owner and operator of a hotel casino open to the public was under a duty to its business invitees to have adequate medical facilities and personnel and was under a duty to its business invitees to take reasonable action to render competent emergency medical care when necessary.

13.  At all time material hereto, Defendant Trump Plaza Hotel Casino acted by and through its agents, ostensible agents, servants, workmen, employees and is vicariously liable for the acts and/or omissions of said persons.

14.  On February 24, 2003 , at approximately 6:00 p.m. plaintiff Fraud Jarrah, while at the Trump Plaza Hotel Casino became ill with complaints, including but not limited to, dizziness, difficulty moving his left leg and left arm, difficulty ambulating, slurred speech, and an inability to hold his bladder .

15. Plaintiff requested emergency medical assistance from Defendant Trump Plaza Hotel Casino and was attended by security and medical personnel , including but not limited to Jane Doe 1-5, fictitious names whose present identities are unknown at this time.

16. Defendants, Jane Doe 1-5, fictitious names whose present identities are unknown, were the agents and/or ostensible agents of Defendant Trump Plaza Hotel Casino and treated plaintiff Fraud Jarrah pursuant to their employment and/or other contractual relations with such defendants.

17. Defendant, Trump Plaza Hotel Casino is vicariously liable for the acts and/or omissions of Defendant, Medical One and/or Defendants, Jane Doe 1-5.

18. Plaintiff fully advised all Defendants of his complaints and past medical history.

19. Defendants performed a medical evaluation of plaintiff while on the premises of the hotel casino and found his blood pressure to be at a level of (180/80).

20. Defendants did not recommend any treatment or arrange for transport to a hospital.

21. After returning home it was determined that Plaintiff had suffered a brainstem infarction with left hemiparesis.

22. As a result of the carelessness, recklessness and negligence of the Defendants, as well as the Defendants' failure to adhere to accepted medical and/or nursing standards, Plaintiff suffered serious and permanent injuries, including a brainstem infarction with left hemiparesis which has resulted in significant and permanent disabilities. Defendants' carelessness, recklessness and negligence consisted of the following:

      A. failing to fully and competently assess the Plaintiff's condition and symptoms;

      B. failing to immediately treat the Plaintiff's significant hypertensive condition and intervene with thrombolytic therapy and blood pressure control;

      C. failing to recognize and diagnosis the signs and symptoms of a vascular emergency;

      D. failing to take the necessary medical action to mitigate the consequences of stroke and/or an impending stroke;

      E. failing to recognize a medical emergency and arrange for immediate transfer to a hospital where competent medical care could be provided;

      F. failing to properly diagnosis the Plaintiff's condition;

      G.     failing to adequately and competently inform Plaintiff of the seriousness of his medical condition; and finally

      H.     recommending that Plaintiff remain in the hotel casino for a meal instead of seeking immediate medical attention.

23.     As a result of the foregoing negligence, Defendants increased the likelihood of harm to Plaintiff and deprived Plaintiff of the chance of mitigating his injury or limiting the severity of his brain stem infarction and its consequences.

24.     In addition to the foregoing duty and breach described, Defendant Trump Plaza Hotel Casino had a duty to hire and/or contract with competent physicians and/or nurses to render emergency medical care to business invitees, such as the Plaintiff, who were lawfully upon their premises.

25.     Defendant Trump Plaza Hotel Casino was careless, reckless and/or negligent in failing to hire competent physicians and/or nurses, and in failing to formulate adequate policies or procedures necessary to prevent the harm caused to plaintiff.

26.     As a result of the negligence of the Defendants, as well as the defendants' failure to adhere to accepted medical and/or nursing standards, Plaintiff suffered serious and permanent injuries, including a brainstem infarction with left hemiparesis which has resulted in significant and permanent disabilities requiring extensive medical care, treatment and therapy; materially and irreversibly affecting his ability to care for himself, provide for his needs, earn a living and otherwise enjoy life; and has resulted in extensive financial obligations for medical expenses to treat his condition and assist his living requirements .

     WHEREFORE, Plaintiff Fraud Jarrah, demands judgment against Defendants Trump Plaza Hotel Casino and Jane Doe 1-5, individually, jointly, and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, prejudgment interest and post detriment interest as the law may allow.

## COUNT II

### PLAINTIFF FAUD JARRAH v. MEDICAL ONE and JANE DOE 1-5

27.     Plaintiff incorporates by reference herein paragraphs one(1) through twenty-six(26) as if same were set forth at length.

28.     At all material times, Defendant Medical One was a medical care facility licensed to provide medical and nursing treatments to the public and held itself out to the public generally and to the plaintiff, specifically, as competent to provide these services, including emergency care services.

29.    At all material times, Defendant, Medical One, its agents, servants and/or employees, were engaged in the practice of medicine and were obliged to bring to bear in the practice of their profession the professional skills, knowledge, and care, which is customarily possessed and to pursue their profession in accordance with a reasonably safe and acceptable standard of medicine.

30.    On or about February 24, 2003,  Defendant, Medical One  was the agent, servant, and /or employee of Defendant Trump Plaza Hotel Casino and was authorized to provide emergency care and treat patrons of the hotel casino, such as the Plaintiff, Faud Jarrah,

31.    At all time material hereto, Defendant Medical One acted by and through its agents, ostensible agents, servants, workmen, employees and is vicariously liable for the acts and/or omissions of said persons.

32.    Defendants, Jane Doe 1-5, fictitious names whose present identities are unknown, were the agents or ostensible agents of Defendant Medical One and/or Defendant Trump Plaza Hotel Casino and treated plaintiff Fraud Jarrah pursuant to their employment and/or other contractual relations with such defendants.

33.    Defendant, Medical One is vicariously liable for the acts and/or omissions of Defendants Jane Doe 1-5.

34.    As a result of the negligence of Defendants, Medical One and Jane Doe, 1-5, as set forth fully above and incorporated herein by reference, as well as the defendant's failure to adhere to accepted medical and/or nursing standards, Plaintiff suffered serious and permanent injuries, including a  brainstem infarction with left hemiparesis which has resulted in significant and permanent disabilities requiring extensive medical care, treatment and therapy; materially and irreversibly affecting his ability to care for himself, provide for his needs, earn a living and otherwise enjoy life; and has resulted in extensive financial obligations for medical expenses to treat his condition and assist his living requirements

       WHEREFORE, Plaintiff Fraud Jarrah, demands judgment against  Defendants Medical One and Jane Doe 1-5, individually, jointly, and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, prejudgment interest and post detriment interest as the law may allow

## COUNT III
## SUHAILA JARRAH v. TRUMP PLAZA HOTEL CASINO, MEDICAL ONE and JANE DOE 1-5

35.    Plaintiff incorporates by reference herein paragraphs one(1) through thirty four (34) as if same were set forth at length.

36.    Plaintiff Suhaila Jarrah is the wife of Plaintiff Faud Jarrah.

37.    Plaintiff Suhaila Jarrah sustained severe emotional distress, financial hardship, and the loss of services and comfort of her husband caused by the negligence of Defendants and therefore asserts a cause of action for such damages.

WHEREFORE, Plaintiff Suhaila Jarrah, demands judgment against Defendants Trump Plaza Hotel Casino, Medical One and Jane Doe 1-5, individually, jointly, and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, prejudgment interest and post detriment interest as the law may allow.

LAW OFFICES OF SOLOFF & ZERVANOS

By:_____

John N. Zervanos, Esquire
1800 Chapel Avenue, Suite 302
Cherry Hill, N.J. 08033
(856) 354-1175
Attorney for Plaintiffs

Dated: 5/19/04

## JURY DEMAND

TAKE NOTICE, the Plaintiffs, Faud Jarrah and Suhaila Jarrah demand a trial by jury as to all issues in the above matter.

LAW OFFICES OF SOLOFF & ZERVANOS

By: _____

John N. Zervanos, Esquire
Attorney for Plaintiff

Dated: 5/19/04